## WELCH v. NORTON.

1. **Sale:** GLANDERED HORSE: KNOWLEDGE: EVIDENCE: RUMORS. In an action on account of the sale by defendant to plaintiff of a glandered horse, evidence of rumors that the horse was glandered was inadmissible to prove defendant's knowledge of that fact, in the absence of evidence that defendant knew of the rumors.

2. ———: ———: EVIDENCE: CERTIFICATE OF VETERINARY SURGEON. In such case a certificate of a state veterinary surgeon, given to plaintiff's husband about a year after the purchase of the horse by plaintiff, stating that the horse had the glanders, and that he should be quarantined, was inadmissible, because hearsay, and, as to the defendant, *ex parte.*

3. ———: ———: ———: HEARSAY. In such case, what third parties said to plaintiff's husband about the horse being glandered was mere hearsay, and should have been excluded.

*Appeal from Buena Vista Circuit Court.*

### WEDNESDAY, MARCH 7.

ACTION to recover damages, on the ground that the defendant had sold to the plaintiff a horse which had the glanders, as the defendant well knew at the time of the sale, and the defendant represented the horse to be sound, except he had the distemper, and plaintiff relied on such representations, and purchased the horse, which in fact had the glanders, and therefore was worthless. There is a second count in the petition, the substance of which is not deemed necessary to state. Trial by jury; verdict and judgment for the plaintiff, and the defendant appeals.

*Robinson & Milchrist*, for appellant.

*Wright & Farrell*, for appellee.

SEEVERS, CH. J.—I. The court instructed the jury that to entitle the plaintiff to recover he must establish that the horse had the glanders at the time he was sold to the plaintiff, and that the defendant knew this fact; and the court further instructed the jury as follows: "It is not sufficient to find that the defendant

ought to have known of the stallion's having such disease, but you must find that he did know it, and of that you are to judge from all the evidence, including the alleged talk in the neighborhood concerning the stallion's having the glanders, as introduced in evidence." This instruction lays down the rule that the necessary *scienter* or guilty knowledge may be established by rumor or neighborhood talk, without showing that the defendant had any knowledge of such rumor. It will be observed that the material question was whether the defendant knew the horse had the glanders, and not whether it was generally reputed that such was the fact; and therefore such knowledge could not be inferred because of the existence of a rumor to that effect. If it becomes necessary to establish the fact that a person is insolvent or insane, general reputation is. not admissible, because it is hearsay evidence and based on conclusions. (1 Whart. Ev., § 253; *Ashcraft v. De Armond*, 44 Iowa, 229.) It therefore follows that the court erred in admitting evidence tending to show the existence of a rumor that the horse had the glanders.

II. Chapter 189 of the Laws of the Twentieth General Assembly provides that the governor shall appoint a state veterinary surgeon, and such a number of deputies as the emergency may require, and defines their duties. One of such officers examined the horse in question in July, 1886, which was more than one year after the purchase of the horse, and he was introduced by the plaintiff as a witness, and he gave evidence tending to show that the horse had the glanders, and that he had given the plaintiff's husband a certificate stating that the horse was so affected, and directed that he should be quarantined. This certificate was introduced in evidence by the plaintiff, and in admitting it we think the court erred. The defendant was not a party to such proceedings. As to him it was *ex parte* and hearsay. Counsel for the plaintiff apparently concede this, but insist that the admission of the certificate was error without prejudice, because the fact that the horse had the

glanders was established by other evidence. But we are unable to concur in this proposition.

III. The plaintiff's husband was a witness in her behalf, and was asked in substance when he first heard the horse

**3. ——: ——: hearsay.** had the glanders, and he answered that his son told him such was the fact about four months after the purchase of the horse; also that a Mr. Wicoff so informed him. What the plaintiff's son and Mr. Wicoff said in relation to the horse having the glanders was in our opinion clearly inadmissible. It was hearsay evidence, and tended to establish the material fact in the case. Other errors are assigned and discussed by counsel, which we do not deem it necessary to refer to.          REVERSED.

ROBINSON, J., took no part in this decision.